# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>     v.<br><br>One (1) home built personal computer containing a Western Digital hard drive model WD6401AALS, serial number WMATV7402865;<br><br><br>                    Defendant. | Civil Action No.: 3:24-cv-01266 (DNH/MJK) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "Plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned properties and alleges as follows:

## NATURE OF THE ACTION

This is an action *in rem* brought pursuant to Title 18, United States Code, Section 2253(a)(3) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions.  Forfeiture of the defendant property is sought pursuant to Title 18, United States Code, Section 2254, which provides that "[a]ny property subject to forfeiture pursuant to section 2253 may be forfeited to the United States in a civil case in accordance with the procedures set forth in chapter 46."  18 U.S.C. § 2254.  Title 18, United States Code, Section 2253(a)(3) provides for the forfeiture of "property, real or personal, used or intended to be used to commit or to promote the commission of" offenses in violation of Title 18, United States Code, Sections 2252A.  18 U.S.C. § 2253(a)(3).

## THE PARTIES

1.  The Plaintiff is the United States of America.

2. The Defendant consists of one (1) home built personal computer containing a Western Digital hard drive model WD6401AALS, serial number WMATV7402865 (hereinafter "Defendant Computer").

3. The Defendant Computer is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Title 28, United States Code, Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Computer and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

6. Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b).

## FACTS

7. Prior to February 20, 2015, the Federal Bureau of Investigation ("FBI"), through the Mid-State Child Exploitation Task Force, initiated an investigation into a website that was dedicated to the advertisement and distribution of child pornography, in addition to serving as a forum for the discussion of matters pertaining to the sexual abuse of children ("Website A").

8. Website A operated on a network designed to facilitate anonymous communication over the internet. This network allowed users to hide their locations and mask their actual Internet Protocol ("IP") addresses.[1]

9. However, during the investigation, law enforcement were able to identify the actual IP addresses and other identifying information of certain computers used to access Website A.

10. According to the data obtained from logs on Website A, law enforcement located a user with the username "reidick" who was actively logged into Website A for a total of 97 hours and 27 minutes between October 11, 2014 and February 27, 2015.

11. Agents were able to determine that the IP address was operated by the Internet Service Provider Time Warner Cable. Through a December 29, 2015 subpoena issued to Time Warner Cable, agents learned that Philip Koester ("Koester") was receiving internet services with this IP address at his residence in Endicott, New York.

12. On January 13, 2016, a federal search warrant was executed at Koester's residence.

13. As a result of the search warrant law enforcement recovered approximately 40 electronic devices belonging to Koester from his residence, including the Defendant Computer.

14. Agents seized the Defendant Computer, owned by Koester, which was decrypted and successfully examined.

---

[1] Websites generally have IP address logs that can be used to locate and identify a site's users.

15. The forensic analysis conducted of the Defendant Computer identified approximately 1318 images and 21 video files stored on the Western hard drive. These images and videos depict prepubescent minors and minors who had not attained twelve years of age, engaging in sexually explicit conduct with adults.

16. In addition to containing the images and video files of child pornography, the Defendant Computer also contained logs of Koester's Freenet activity showing that on March 30, 2011, he had uploaded child pornography files to Freenet.[2]

17. Koester was indicted on October 27, 2022, in the Northern District of New York in *United States v. Philip Koester*, criminal case number 3:22-CR-400 (DNH). He pleaded guilty on May 4, 2023 to both counts in the Indictment, charging offenses in violation of Title 18, United States Code, Sections 2252A(a)(1), (a)(5)(B) and (b)(2).

18. In the "Factual Basis for Guilty Plea" section of his written Plea Agreement, Koester admitted that at some point prior to March 30, 2011, he had installed Freenet, and that, thereafter, he used it to receive, distribute, and collect child pornography.

19. Koester admitted to uploading several child pornography files to Freenet.

20. He further admitted to posting several links to the child pornography files on his Western hard drive to Freenet, including two videos involving prepubescent minors and minors who had not attained twelve years of age engaged in sexually explicit conduct with adults and other minors, enabling other Freenet users to access and download the files.

21. On January 16, 2024, prior to sentencing, Koester died.

---

[2] Freenet is a peer-to-peer (P2P) platform intended for censorship-resistant, secure, and anonymous communication and file sharing on the Internet. This platform was created to protect the identity of its users, including those that are uploading and downloading content via the platform.

## CONCLUSION

22.  The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1)  Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2)  Direct any person having any claim to the Defendant Computer to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3)  Enter judgment declaring the Defendant Computer to be forfeited and condemned to the use and benefit of the United States; and

(4)  Award such other and further relief to the United States as it deems proper and just.

Dated: September 30, 2024                           CARLA B. FREEDMAN
                                                    United States Attorney

                                        By:    */s/ Elizabeth A. Conger*
                                                    Elizabeth A. Conger
                                                    Assistant United States Attorney
                                                    Bar Roll No. 520872

## VERIFICATION

STATE OF NEW YORK            )
                             )  ss:
COUNTY OF ALBANY             )

Jenelle Corrine Janowicz, being duly sworn, deposes and states:

I am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 10th day of October, 2024.

_____
Jenelle Corrine Janowicz
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 10th day of October, 2024.

_____
Notary Public

JESSICA M. WARHOLIC
Notary Public, State of New York
Reg. No. 01WA6137028
Qualified in Broome County
Commission Expires January 29, 20 26

6